IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAMELA MONTOYA and STATE OF NEW MEXICO
EX REL PAMELA MONTOYA

          Plaintiff

vs.                                                      No. 19cv00475

BOARD OF EDUCATION OF THE DULCE
INDEPENDENT SCHOOL DISTRICT and
DARLENE GOMEZ

          Defendants

## COMPLAINT FOR VIOLATION OF THE NEW MEXICO WHISTLEBLOWER PROTECTION ACT

Plaintiff Pamela Montoya for her Complaint against Defendant Board of Education of the Dulce Independent School District (herein "School Board") and Darlene Gomez states as follows:

1. Pamela Montoya is a resident of Dulce, Rio Arriba County, New Mexico.

2. The School Board is the governing board of the Dulce Independent School District, a public entity organized under the laws of New Mexico. Pursuant to NMSA 1978 § 22-5-4(E), the School Board has the capacity to sue and be sued.

3. The School Board has final policymaking authority for the Dulce Independent School District.

4. Darlene Gomez is a resident of Bernalillo County, New Mexico.

5. The events giving rise to Plaintiff's claims occurred in Rio Arriba County, New Mexico.

6. Jurisdiction and venue are proper in this court.

1

COUNT I - COMPLAINT FOR WRIT OF QUO WARRANTO against DARLENE GOMEZ

1. Plaintiff brings this action pursuant to pursuant to NMSA 1978 §44-3-4, seeking a writ of *quo warranto* to prevent the usurping of the office of school board member by Darlene Gomez.

2. NMSA 1978 §22-5-1 states that "a local school board shall be composed of five qualified electors of the state *residing* within the school district." (emphasis added).

3. Pursuant to NMSA 1978 §22-5-1, a person who does not reside within the school district is disqualified from serving as a school board member.

4. A person may have only one residence.

5. Darlene Gomez resides at 800 Sandy Dr. NW, Albuquerque, Bernalillo County, New Mexico 87120.

6. Because Darlene Gomez does not reside within the geographic boundaries of the Dulce Independent School District, she is not qualified to serve as a board member for the school district.

7. Pursuant to NMSA 1978 §10-3-1(E), when a school board member removes from the area from which the school board member was elected, the school board member's office is deemed vacant, by operation of law.

8. Pursuant to NMSA 1978 §22-5-9, a vacancy occurring in the membership of a local school board shall be filled at an open meeting, at which a quorum of the membership is present, by a majority vote of the remaining members appointing a qualified elector to fill the vacancy. If no one is appointed within 45 days, the Public Education Department shall appoint a qualified elector to fill the vacancy. The person appointed shall then serve until the next regularly scheduled school board election.

9. Until a person is appointed pursuant to NMSA 1978 §22-5-9, there is no person rightfully entitled to hold the board member position ostensibly now being held by Darlene Gomez.

10. The actions of Darlene Gomez as a member of the School Board and all actions of the School Board in which Darlene Gomez' vote was necessary to achieve a majority constitute a usurpation of authority in violation of New Mexico law.

COUNT II - NEW MEXICO WHISTLEBLOWER PROTECTION ACT against SCHOOL BOARD – RETALIATION FOR PLAINTIFF'S COMMUNICATIONS REGARDING THE IMPROPRIETY OF DARLENE GOMEZ SITTING AS A BOARD MEMBER

11. Plaintiff incorporates by reference all allegations stated herein.

12. For the period December, 2017 to April 22, 2019, Plaintiff served as the Superintendent of the Dulce Independent School District.

13. Plaintiff has been an employee of the Dulce Independent School District for 34 years, serving the school district in several different capacities.

14. During Plaintiff's employment with the Dulce Independent School District, the Golden Apple Foundation of New Mexico awarded Plaintiff the "Golden Apple Award", recognizing her excellence as an educator.

15. During her 34 years of employment with the Dulce Independent School District, Plaintiff has always received good evaluations, except for the evaluation received in April, 2019.

16. Levi Pesata, Darlene Gomez, Wesley Vigil, Phillip Salazar, and LaVonna James currently sit as board members for the Dulce Independent School District.

17. On or about February 21, 2019, Plaintiff, Darlene Gomez, Wesley Vigil, and Phillip Salazar met with New Mexico state representative Derrick Lente, wherein they discussed matters pertaining to the Dulce Independent School District.

18. At the conclusion of the meeting with Mr. Lente, Darlene Gomez gave Mr. Lente her business card.

19. Darlene Gomez' business card lists an Albuquerque business address as her place of business.

20. Mr. Lente looked at Darlene Gomez' business card and stated "how can this be", "you can't be on the board if you don't live in Dulce", "this is a huge violation", or words to that effect.

21. On or about February 25, 2019 continuing to present, Plaintiff participated in multiple communications with Levi Pesata, then-President of the School Board, as well as additional meetings that included School Board Member Wesley Vigil, in which Plaintiff discussed her concern regarding the impropriety and illegality of Darlene Gomez serving as a board member when she was a non-resident of the Dulce Independent School District.

22. Wesley Vigil and Levi Pesata researched whether a non-resident could serve as a member of a local school board. Their research included an inquiry to the New Mexico Public Education Department, the New Mexico Attorney General's office and the school district's attorneys, Cuddy and McCarthy, LLP.

23. On or about February 25, 2019, Plaintiff and Levi Pesata called attorney Carol Helms to ask about NMSA 1978 §22-5-1 and its application to Darlene Gomez, who Plaintiff believed to be a non-resident of the Dulce Independent School District.

24. On February 25, 2019, an attorney from Cuddy and McCarthy, LLP emailed a memorandum to Plaintiff which corroborated Plaintiff's concern regarding Ms. Gomez' eligibility to serve as a board member.

25. Between February 26, 2019 and March 5, 2019, Plaintiff spoke with Berna Trujillo-Gomez about Darlene Gomez' residency. Ms. Trujillo-Gomez is the widow of the brother of Darlene Gomez. Plaintiff asked Ms. Trujillo-Gomez whether Ms. Gomez had ever resided in a family home in Lumberton, New Mexico. Ms. Trujillo-Gomez informed Plaintiff that Darlene Gomez has never lived in the Lumberton, New Mexico home.

26. Between February 26, 2019 and March 5, 2019, Plaintiff spoke with Debbie Rodella about whether a non-resident may serve on the school board. Ms. Rodella is a former state legislator. Ms. Rodella told Plaintiff that she sponsored HB 98 to clarify that non-residents of a school district may not serve on the school board.

27. Between February 26, 2019 and March 5, 2019, Plaintiff spoke with Ferlinda Pesata regarding possible violations of the law arising from Darlene Gomez sitting as a board member when she does not reside within the school district.

28. Between February 26, 2019 and March 5, 2019, Plaintiff spoke with Anette TeCube, a parent of a student in the Dulce Independent School District and person who is actively engaged in Dulce community affairs. Ms. TeCube and Plaintiff spoke about Darlene Gomez' residency and status as a board member, and what could be done to remove her from the School Board.

29. Between February 26, 2019 and March 5, 2019, Plaintiff spoke with Joe Guillen, Executive Director of the New Mexico School Boards Association about her concerns relating to HB 98 and Ms. Gomez' residency.

30. By March 5, 2019, the issue of whether Darlene Gomez was eligible to serve on the School Board was a topic of discussion throughout the Dulce community. After March 5,

2019, Plaintiff spoke with numerous people in the community during which she discussed her concerns regarding whether a non-resident may serve on the school board.

31. On March 5, 2019, then-school board president Levi Pesata postponed the regularly scheduled board meeting because of the unavailability of Wesley Vigil, who was on his way to the hospital because of a family medical emergency. The Dulce Independent School District office secretary emailed the postponement of the board meeting to all board members and posted a notice on the door advising the public that the board meeting had been postponed.

32. Notwithstanding the postponement of the March 5, 2019 Board Meeting, Darlene Gomez, LaVonna James and Phillip Salazar met in the Board Meeting room on March 5, 2019.

33. The door to the Board Meeting room was locked during the March 5, 2019 meeting between Darlene Gomez, LaVonna James and Phillip Salazar.

34. Darlene Gomez, LaVonna James and Phillip Salazar discussed school business during the March 5, 2019 meeting, including an evaluation of Plaintiff and steps to remove Plaintiff as Superintendent of the School District.

35. The Agenda for the March 19, 2019 Board Meeting included a discussion of the legality of Darlene Gomez serving as a board member because of concerns about her residency.

36. At the March 19, 2019 Board Meeting, the School Board removed from the Agenda discussion of HB 98 regarding the propriety of a non-resident serving as a board member.

37. At the March 19, 2019 Board Meeting, LaVonna James chastised the attorney representative from Cuddy and McCarthy's, LLP whether she was the School Board's attorney or the Superintendent's attorney.

38.     At the April 5, 2019 Board Meeting, LaVonna James, Darlene Gomez and Phillip Salazar voted to terminate the legal services of Cuddy & McCarthy, LLP.

39.     On or about September 29, 2018, the Board of Education and Plaintiff developed Superintendent Goals for the 2018 – 19 school year and the School Board advised Plaintiff that she would be evaluated in February, 2019 regarding progress toward those goals.

40.     Pursuant to School Board Policy C-0600, the Board of Education was to evaluated the superintendent annually, which "evaluation(s) shall relate to the Superintendent's duties, responsibilities, and progress toward established goals."

41.     School Board Policy C-0631 contains an evaluation form to be used to evaluate the superintendent.

42.     On April 5, 2019, Darlene Gomez, Phillip Salazar and LaVonna James voted to adopt a new evaluation tool that neither addressed the goals set for Plaintiff in September, 2018 nor utilized the district's established procedures for evaluating the superintendent.

43.     Using the new evaluation tool, Darlene Gomez, Phillip Salazar and LaVonna James gave Plaintiff a negative evaluation on each and every criterion measured.

44.     At the March 19, 2019 board meeting, the board members convened in executive session to discuss Plaintiff.

45.     Prior to going into executive session at the March 19, 2019 board meeting, the school district's attorney asked Plaintiff to remain outside the room because the school board would be discussing her.

46.     Plaintiff remained at school in with waiting area outside the board room for the remainder of the meeting.  While she waited, the School Board never asked Plaintiff to rejoin the Board meeting nor was she informed that the School Board had finished its discussion of her.

47. Eventually, the School District's attorney entered the lobby area and told Plaintiff and the other persons who were waiting that they could rejoin the Board meeting. Plaintiff immediately entered the board meeting room. As she entered, Plaintiff heard someone say that the meeting was adjourned and was over.

48. On April 5, 2019, LaVonna James drafted a letter of reprimand to Plaintiff, which asserted that Plaintiff acted unprofessionally by abruptly leaving the March 19, 2019 board meeting prior to its adjournment. The only time during the March 19, 2019 meeting that Plaintiff was not in the Board Meeting room was during the period she was asked to wait outside while she was being discussed.

49. There was no board vote on March 19, 2019 or April 5, 2019 to issue a reprimand to Plaintiff.

50. The April 5, 2019 reprimand states that Plaintiff was absent from the March 19, 2019 board meeting "despite the fact that [Plaintiff] knew the Board intended to initiate and possible complete [Plaintiff's] evaluation."

51. The April 5, 2019 reprimand was a pretext for retaliation, which is evidenced by the lack of a factual basis for a reprimand, and the fact that the School Board did not adopt its new evaluation tool until April 5, 2019 with the new evaluation to be completed on April 12, 2019. The School Board had no intention of initiating and possibly completing Plaintiff's evaluation on March 19, 2019 when it had even determined the evaluation tool it intended to use until two weeks later.

52. The April 5, 2019 reprimand was the first reprimand received by Plaintiff during her 34 years of employment with the Dulce Independent School District.

53. After voting to terminate the legal services of Cuddy & McCarthy, LLP on April 5, 2019, LaVonna James, Darlene Gomez and Phillip Salazar voted to hire the Ortiz-Zamora firm to represent the school district. The Board of Education did not solicit proposals for legal services, interview law firms or implement other procedures typically undertaken by New Mexico school boards prior to hiring legal counsel.

54. Darlene Gomez participated in the April 5, 2019 Board Meeting via telephone. She was in Albuquerque at the time.

55. The Dulce Independent School District is a public employer.

56. Plaintiff believed in good faith that actions of the school board in allowing a non-resident to serve as a school board member was an unlawful or improper act, as defined in NMSA 1978 § 10-16C-2.

57. Plaintiff believed in good faith that the March 5, 2019 meeting between Darlene Gomez, Phillip Salazar violated the New Mexico Open Meetings Act.

58. Plaintiff communicated with the then-President of the Dulce Independent School Board, Levi Pesata and others regarding the unlawful and improper acts of Darlene Gomez sitting as a board member when she was no longer a resident of the school district and Open Meetings Act violations.

59. The issuance of a reprimand to Plaintiff, change of the evaluation process for Plaintiff's evaluation, negative evaluation of Plaintiff, and termination of law firm who worked on a day-to-day basis with Plaintiff are discriminatory and adverse employment actions, as that term is used in the New Mexico Whistleblower Protection Act.

60. The School Board's decision to non-renew Plaintiff's employment contract is a discriminatory or adverse employment action, as that term is used in the New Mexico Whistleblower Protection Act.

COUNT III. OPEN MEETINGS ACT VIOLATIONS against SCHOOL BOARD

61. Plaintiff incorporates by reference all allegations stated herein.

62. The March 5, 2019 meeting between Darlene Gomez, LaVonna James and Phillip Salazar was closed to the public.

63. The March 5, 2019 meeting between Darlene Gomez, LaVonna James and Phillip Salazar was held despite a notice posted on the door that the Board Meeting scheduled for March 5, 2019 had been postponed.

64. No minutes were prepared, approved or posted for the March 5, 2019 meeting between Darlene Gomez, LaVonna James and Phillip Salazar.

65. The discussion of the March 5, 2019 meeting between Darlene Gomez, LaVonna James and Phillip Salazar was not audio or video recorded.

66. Darlene Gomez, LaVonna James and Phillip Salazar discussed school district business via a series of telephone calls, text messages and emails, including discussions regarding actions relating to Plaintiff's employment.

67. Darlene Gomez routinely participated in board meetings telephonically, even though there was no reason for her lack of physical attendance other than the inconvenience resulting from her residency in Albuquerque.

68. The acts described herein violate the New Mexico Open Meetings Act.

69. Plaintiff discussed these Open Meetings Act violations with various persons, including but not limited to Levi Pesata, Wesley Vigil, Anette TeCube, Ferlinda Pesata, and Debbie Rodella.

COUNT IV.   VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHTS against SCHOOL BOARD

70. Plaintiff incorporates by reference all allegations stated herein.

71. On April 22, 2019, the School Board placed Plaintiff on administrative leave.

72. Since being placed on administrative leave on April 22, 2019, Plaintiff has been assigned no work duties.

73. On April 22, 2019, the School Board communicated to Plaintiff via hand-delivered letter: "[y]ou are directed not to contact District employees…Failure to comply with the directives contained in this letter will be considered insubordination and may result in additional disciplinary action."

74. The April 22, 2019 directive to Plaintiff broadly prohibits Plaintiff from contacting school district employees regarding any matter, which includes Plaintiff's concerns about the propriety of Darlene Gomez' status as a board member, violations of the Open Meetings Act, and the termination of the school district's legal counsel and procedures for hiring new counsel.

75. The School Board's April 22, 2019 directive to Plaintiff prohibited Plaintiff from communicating with school district employees on matters of public concern.

76. The April 22, 2019 directive chilled Plaintiff's First Amendment rights.  Plaintiff refrained and continues to refrain from speaking with school employees based upon the direct warning from the School Board that she would be deemed insubordinate and subjected to

possible further disciplinary action, which Plaintiff understood could include the loss of her salary for the remainder of her employment contract or other discipline.

77. The prior restraint contained in the April 22, 2019 directive is part of a series of acts by the School Board to stifle and eliminate discussion of whether Darlene Gomez' residency prohibits her from serving on the School Board, which series of acts included removing a discussion of this issue from the March 19, 2019 agenda; retaliating against Plaintiff for communicating about the issue with Levi Pesata, Wesley Vigil and the Cuddy and McCarthy, LLP law firm; and terminating the services of the Cuddy and McCarthy, LLC law firm.

78. The retaliatory acts taken against Plaintiff because of her communications questioning Darlene Gomez' residency and the propriety of her continued service as a Board Member and violations of the Open Meetings Act violate Plaintiff's rights under the First Amendment of the United Stated Constitution.

79. The prior restraint imposed in the School Board's April 22, 2019 letter to Plaintiff violates Plaintiff's rights under the First Amendment of the United Stated Constitution.

80. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has or will suffer loss of wages and benefits.

81. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has or will suffer losses such as extraordinary travel, housing and related expenses to obtain and maintain re-employment.

82. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered anxiety and stress.

83. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has incurred attorney fees and litigation costs.

WHEREFORE, Plaintiff requests that the Court enter judgment:

i. declaring that Darlene Gomez is ineligible to serve on the School Board because she is a non-resident of the school district and removing Darlene Gomez from the School Board;

ii. declaring the vote of Darlene Gomez as a board member on or after January 8, 2019 is null and void *ab initio*;

iii. declaring that all actions of the School Board for which the vote of Darlene Gomez was necessary to achieve a majority be deemed null and void *ab initio*;

iv. declaring that the School Board violated the New Mexico Open Meetings Act and invalidation any actions resulting from such violations;

v. for actual damages in Plaintiff's favor, including two times back pay and benefits, front pay and benefits, and special damages as allowed by statute;

vi. for emotional distress damages in an amount to be proved at trial;

vii. declaring invalid the prior restraint on speech contained in the April 22, 2019 directive and enjoining the School Board from enforcing the directive;

viii. for post judgment interest, costs and attorney fees, and

ix. for such further relief as the Court deems just and proper.

Respectfully submitted,
SMIDT, REIST & KELEHER

By   s/ Michael Carrico
    Michael Carrico
    4811-A Hardware Dr, NE, Suite 4
    Albuquerque, NM 87109
    Telephone: (505) 830-2200
    *Attorneys for Plaintiff*